WILLIAM P. CHASE, Respondent, *v.* FLETCHER A. DEFENDORF
as Supervisor, etc., Appellant.

THOMAS L. HULBERT, Respondent, *v.* Same Appellant.

The supervisor of a town has power, notwithstanding the direction of a
town meeting, to refuse or neglect to appeal from a judgment rendered
against him as such officer, and an appeal if brought is still under his
and his attorney's control, and they may withdraw the same.

Where a supervisor, after service of notice of appeal, withdrew the same
upon receipt of a stipulation extending time to appeal and subsequently
entered into an agreement for a compromise and settlement of the action
and, thereupon, an order was entered upon stipulation dismissing the
appeal, *held*, that while the court below might give relief against the
stipulations and order, defendant was not entitled thereto, as matter of
law, but it rested in the discretion of the court; and that the exercise of
this discretion was not reviewable here.

Reported below, 58 Hun, 585.

(Argued October 6, 1891; decided October 13, 1891.)

APPEALS from orders of the General Term of the Supreme
Court in the fifth judicial department, made the first Tuesday
of January, 1891, which reversed in each of the above-entitled
actions an order of Special Term vacating an order setting
aside a notice of appeal.

These actions were brought to recover the value of legal
services rendered by plaintiffs under contracts entered into by
them with a former supervisor of the town of Perington,
defendant's predecessor in office, in several actions brought
against him in his official capacity.

Judgments were recovered against the defendant in said
actions and at a special town meeting subsequently held he
was authorized to appeal to the General Term. He caused a
notice of appeal to be filed and served, but afterwards caused
it to be withdrawn, and upon the request of many citizens,
but without the authority of the taxpayers of the town as
such, he settled the action by an agreement to pay each plain-
tiff a sum less than the judgment. The resolution of the
special town meeting, above referred to, was the only action
that had been taken by the town at the time of the agreement
of settlement. At the annual town meeting, subsequently
held, the action of the special town meeting was ratified and

approved. The plaintiff in each of these actions knew of the resolution of the special town meeting before making the agreement for settlement.

Further facts are stated in the opinion, which is given in full:

"We will assume that the town meetings had power to give the supervisor directions as to the defenses of the actions pending against him, and yet we think the order of the General Term is not reviewable here.

"After the special town meeting held January 13, 1890, on the fifteenth of January notices of appeal were served by the defendant. Afterward, on the same day, to give opportunity to negotiate settlements, the notices of appeal were withdrawn and the plaintiffs by stipulation extended the time to appeal to January thirtieth. On the twenty-ninth of January notices of appeal were again served, and again on the same day withdrawn, the plaintiffs by stipulation extending the time to appeal to February fifth. On the third day of February, terms of settlement were agreed upon and notices of appeal were not again served, and subsequently in March, 1890, in pursuance of the stipulations given by the defendant, the orders were entered at both the Special and General Terms dismissing the appeals. These orders were supposed to be necessary because notices of appeal had been filed with the county clerk.

"The resolutions of the town meetings could have no effect unless acted upon. The supervisor could still refuse or neglect to appeal, and the appeals, if brought, would still be under the control of the supervisor and his attorneys, to be managed by them in all matters of practice according to their sense of duty and best judgment. If they had neglected to bring appeals, the judgments would have been final. They could withdraw the notices of appeal and take the stipulations extending the time to appeal. All this was matter of practice, and if within the time limited no notices of appeal were again served, the cases would stand as they would if no notices had been served at any time. Therefore, when the orders were entered dismissing the appeals, no effectual appeals had been taken. The court below could have given relief against the stipulations and orders. But the defendant was not absolutely, as matter of law, entitled to such relief. It rested in the dis-

cretion of the court below whether it would grant such relief, and the exercise of that decision is not subject to review here.

" But still further, no exceptions had been filed to the report of the referee, and no case had been made as required by the rules and practice of the court, and the time had passed for doing these things at the time when the orders dismissing the appeals were entered. It would, therefore, be fruitless to allow the appeals to be restored, and whether, under such circumstances, the court below would restore the appeals and allow exceptions to be filed and a case made, certainly rested in discretion not reviewable here.

" The appeal in each case should, therefore, be dismissed, with costs."

*William Martin Jones* for appellant.

*Walter S. Hubbell* for respondents.

*Per Curiam* opinion for dismissal of appeals.
All concur.
Appeals dismissed. _____